Original- Court     2nd Copy - Plaintiff
1st Copy- Defendant     3rd Copy -Return

| **STATE OF MICHIGAN**<br>**THIRD JUDICIAL CIRCUIT**<br>**WAYNE COUNTY** | **SUMMONS** | **CASE NO.**<br>**23-005435-NO**<br>**Hon.Dana Margaret Hathaway** |
|---|---|---|

Court telephone no.: 313-224-2444

| Plaintiff's name(s), address(es), and telephone no(s)<br>WILSON, SANDRA, an individual | v | Defendant's name(s), address(es), and telephone no(s).<br>CITY OF DETROIT, a Municipal Corporation |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no<br>Brandon McNeal 81300<br>1120 E Long Lake Rd Ste 250<br>Troy, MI 48085-4970 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

### Domestic Relations Case

☐ There are no pending or resolved cases within the jurisdiction of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

### Civil Case

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035

☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).

☐ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____.
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.

| **SUMMONS** |
|---|

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>4/28/2023 | Expiration date*<br>7/28/2023 | Court clerk<br>Laverne Chapman |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (3/23)     SUMMONS     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105





RECEIVED
KS HD 1:27pm
MAY 08 2023
CITY OF DETROIT
LAW DEPARTMENT

**SUMMONS**

Case No. : **23-005435-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You must serve the summons and complaint and file proof of service with the court clerk before the expiration date on the summons.  If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE OF SERVICE / NONSERVICE

☐ I served ☐ personally ☐ by registered or certified mail , return receipt requested, and delivery restricted to the addressee(copy of return receipt attached) a copy of the summons and the complaint, together with the attachments listed below, on:

☐ I have attempted to serve a copy of the summons and complaint, together with the attachments listed below, and have been unable to complete service on:

| Name | Date and time of service |
|------|--------------------------|
|      |                          |

Place or address of service

Attachments (if any)

☐ I am a sheriff,deputy sheriff, bailiff, appointed court officer or attorney for a party.

☐ I am a legally competent adult who is not a party or an officer of a corporate party. I declare under the penalties of  perjury that this certificate of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | | Signature |
|---|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | Total fee $ | Name (type or print) |

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with

_____ on _____

Attachments (if any)                                                    Date and time

_____ on behalf of _____.

Signature

_____

MCL 600.1910, MCR 2.104, MCR 2.105

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

**SANDRA WILSON, an individual,**
      **Plaintiff,**

                                       **Case No.       -NO**
                                       **HON.**

-v-

**CITY OF DETROIT, a Municipal Corporation,**
**POLICE OFFICER CRYSTAL ANDERSON,**
**SERGEANT SAMUEL PIONESSA, jointly and**
**severally in their individual and official capacities,**
      **Defendants.**

                                                            /

**BRANDON MCNEAL (P81300)**
**KORO KHAMO (P80994)**
**KHAMO LAW**
Attorneys for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com
koro@khamolaw.com

                                                            /

## COMPLAINT AND JURY DEMAND

There is no other pending or resolved civil action arising out of the same
transaction or occurrence as alleged in the complaint.

/s/ Brandon McNeal
Brandon McNeal (P81300)

**NOW COMES** Plaintiff, Sandra Wilson, by and through her attorney, Brandon McNeal,

and for her complaint against the Defendants states as follows:

23-005435-NO FILED IN MY OFFICE    Cathy M. Garrett    WAYNE COUNTY CLERK    4/28/2023 4:49 PM    Laverne Chapman

## PARTIES

1.  At all pertinent times, Plaintiff was resident of the City of Detroit, and a citizen of the State of Michigan.

2.  DEFENDANT CITY OF DETROIT is a municipal corporation organized and existing under the constitution and laws of the State of Michigan.

3.  DEFENDANTS CRYSTAL ANDERSON, and SAMUEL PIONESSA, (hereafter Individual Defendants) were citizens of the State of Michigan, and at all pertinent times worked and were employed by the City of Detroit as police officers at the Detroit Police Department.

## JURISDICTION and VENUE

4.  Individual Defendants were at all pertinent times employed as police officers at the Detroit Police Department and were, at all times pertinent, acting under color of state law and pursuant to customs, policies and practices of the City of Detroit.

5.  The Plaintiff brings this action under the Constitution of the United States and under 42 USC 1983, and state law.

6.  The actions giving rise to this complaint arose entirely within Wayne County, Michigan on the date of June 16, 2022, and also later.

7.  The amount in controversy exceeds Twenty-five Thousand Dollars ($25,000).

## FACTUAL ALLEGATIONS

8.  Plaintiff Sandra Wilson (hereafter Plaintiff) was wrongfully arrested and prosecuted on charges related to credit card theft.

9.  The unlawful arrest stems from Plaintiff returning a credit card to an unidentified woman she was led to believe owned the credit card.

2

10.   Plaintiff never used the credit card to make any purchases.

11.   Plaintiff only held the credit card for approximately 15 seconds.

12.   Plaintiff did not receive anything in exchange for giving the credit card to she was led to believe was the rightful owner.

13.   Plaintiff's nightmare arrest was no accident; rather it was the direct result of serious misconduct by Defendant City of Detroit police officers who railroaded an easy and vulnerable target rather than do the hard work necessary to identify the real criminal.

14.   Nearly four months after her arrest, Judge Paul Cusick of the 3rd Circuit Court, granted a motion for directed verdict and dismissed all charges against Plaintiff with prejudice, calling the charges "absurd, ridiculous, and wrong."

15.   On June 16, 2022, video evidence shows 3 individuals at the Sunoco Gas Station located at 7353 Kercheval in the City of Detroit, County of Wayne, State of Michigan.

16.   At approximately 9:38:22 p.m., outdoor video surveillance captures a silver minivan arriving at the Sunoco Gas Station.



17.   At approximately 9:39:35 p.m., outdoor video surveillance captures a charcoal gray Ford Escape SUV arrive at the Sunoco Gas Station.

3



18.    At 9:40:06 p.m., outdoor video surveillance captures Ms. Brundidge, wearing a pink and

white Coach shirt and blue jeans, exiting the charcoal gray Ford Escape SUV.



19.    At 9:40:20 p.m., outdoor video surveillance captures an unidentified woman, wearing a

white shirt and pink pants, exit the silver colored minivan.



20.     At approximately 9:40:35 p.m., indoor video surveillance captures Ms. Brundidge seen

holding her credit card near the front counter of the gas station.



21.     At 9:41:20 p.m., indoor video surveillance captures the unidentified woman wearing a

white shirt and pink pants, standing near Ms. Brundidge at the counter.

5



22.     At 9:41:46 p.m., outdoor video surveillance shows Ms. Wilson, wearing a blue dress, arriving to the gas station parking lot on foot before entering.



23.     At 9:42:05, Plaintiff enters the Sunoco Gas Station, while Ms. Brundidge briefly exits the Gas Station.

6



24.     At 9:42:34 p.m., the unidentified woman in the white shirt and pink pants is seen using a

blue credit card to complete her transaction while Plaintiff is standing behind her in line.



25.     At 9:43:18, Ms. Brundidge re-enters the Sunoco and goes to the counter in front of Plaintiff

Wilson.

7



26.   At 9:43:30 p.m., Ms. Brundidge mistakenly left her blue credit card on the counter without

making any type of credit card transaction while Plaintiff is looking away to the left.



27.   At 9:44:03 p.m., Plaintiff approaches the counter and notices a blue credit card laying on

the counter.

8



28.     Plaintiff completes her cash purchase and goes outside to ask if anyone in line in front of
        her left their credit card.

29.     At 9:44:20 p.m., Plaintiff is seen asking the unidentified woman (now in a silver minivan)
        if she left her credit card and the unidentified woman responds affirmatively.



30.     At 9:44:39 p.m., Plaintiff goes back into the gas station and retrieves the blue credit card
        off the counter while the clerk is watching.

9



31.    At 9:44:52 p.m., Plaintiff can be seen handing the credit card to the unidentified woman

wearing a white shirt and pink pants (now in the silver minivan) before walking back home.



32.    Plaintiff does not receive anything in exchange for the credit card.

33.    Unbeknownst to Plaintiff, the unidentified woman lied about the credit card belonging to

her.

10

34. The credit card actually belonged to Mrs. Brundidge, the woman in the pink Coach shirt and blue jeans, who had mistakenly left it on the counter despite not making any type of purchase.

35. The unidentified woman then went to the Payless Market and 2 other stores where she illegally used the credit card to make purchases totaling over $200.

36. The Payless Market video surveillance captured the unidentified woman illegally using the credit card without Plaintiff anywhere to be seen.



37. On June 17, 2022, Ms. Brundidge went to the 7th Precinct of the Detroit Police Department to report the unauthorized use of her credit card.

38. Video of Ms. Brundidge making the report is captured on body camera footage of Corporal Frederick Williams, Badge Number 3124.

39. On June 24, 2022, Individual Defendants caused knowingly false and misleading information to be spread across various social media platforms related to Ms. Wilson's alleged activities.

11

40.     On June 24, 2022, Individual Defendants caused the following post to be plastered across

        the official twitter and Facebook pages of the Detroit Police Department's 7th Precinct.



41.     In the official social media posts, Individual Defendants accused the individuals pictured,

        including Plaintiff,  of being "wanted for illegally using victim's credit card."

42.     In the official social media posts, Individual Defendants urged members of the public to

        call the 7th Precinct or Crime Stoppers if they had any information of the individuals

        pictured, which included Plaintiff.

43.     In the official social media posts, Plaintiff is not seen doing anything illegal as she is simply

        entering the gas station with money in her left hand.

12

44.     To make matters worse, Individual Defendants caused the identical false and misleading social media posts to be plastered across third party Instagram and Facebook pages, CrimeNewsInTheD and CrimeNewsInTheD_Detroit, which boast over 70,000 followers and 19,000 followers on Instagram, respectively.



45.     After the images were posted, Individual Defendants reviewed them and failed to take any action to correct the false and misleading information of the social media pages.

46.     When Individual Defendants authorized the false and misleading social media posts and the allegation that Plaintiff illegally used a credit card, Individual Defendants knew that Plaintiff (Ms. Wilson) had not been tried and/or convicted of any crime.

47.     Individual Defendants also displayed posters of the same false and misleading information at physical locations, including but not limited to the Payless Market and the Sunoco Gas Station.

13

48. Individual Defendants knew that the individual (Plaintiff) in the posting was presumed to be innocent, until proven guilty.

49. Plaintiff's family, friends, and co-workers began informing her of the social media posts and the allegations about Plaintiff's activities.

50. On June 25, 2022, upon learning of the false and misleading social media posts, Plaintiff voluntarily went to the 9th Precinct and made a report about the "CrimeNewsInTheD" posts and posters.

51. Plaintiff told DPD Officer Louis Wilson that she did not commit any crimes and has documentation of her transactions that she made at the location on June 16, 2022.

52.  DPD Officer Louis Wilson wrote a report and listed Plaintiff as the victim.

53. Despite her pleas and cries to get the posts removed, DPD Officer Louis Wilson advised Plaintiff that she would have to go to the 7th Precinct.

54. Determined to clear her name, Plaintiff then voluntarily went to the 7th Precinct where she was coercively interrogated by Individual Defendants for nearly one hour without an attorney present.

55. During the custodial interrogation, Plaintiff unequivocally and unambiguously invoked her right to counsel on multiple occasions.

56. Despite Ms. Wilson's invocation of her right to counsel, Individual Defendants continued their coercive custodial interrogation.

57. Individual Defendants repeatedly made false allegations to try to induce Plaintiff to confess.

58. Throughout the interrogation, Plaintiff repeatedly asks Individual Defendants to show her the video surveillance of her committing a crime.

14

59.   Individual Defendants repeatedly ignore Plaintiff's requests to be shown the surveillance video of her committing a crime.

60.   At this point in the interrogation, a frustrated and bewildered Plaintiff believes that Individual Defendants are asking her questions about a completely different day/encounter, and claims that she gave a card to the clerk.

61.   Individual Defendants then badger Plaintiff about this statement.

62.   Plaintiff then says "Give me a lawyer. Give me a lawyer. Give me a lawyer. I need to see the video."

63.   Defendant Pionessa responds by saying "Alright. I guess we can just go ahead and arrest you then."

64.   Defendant Pionessa then asks Plaintiff "This is what you want? You don't want to talk about it? Well I guess that is what you want" as he and Defendant Anderson proceeded to handcuff with excessive force and arrest Plaintiff without probable cause.

65.   After being handcuffed and arrested by Individual Defendants, Individual Defendants ignored Plaintiff's complaints regarding the tightness of the handcuffs.

66.   Plaintiff remained arrested and in custody from June 25, 2022 to June 27, 2022 at the Detroit Detention Center without probable cause.

67.   Individual Defendants proceeded to maliciously prosecute Plaintiff.

68.   Individual Defendants knowingly wrote deliberately false reports, misleading (including omissions) reports, and fabricated police reports regarding Plaintiff.

69.   Individual Defendants arrested and submitted a warrant package seeking charges against Plaintiff for felony counts of credit card theft without any probable cause other than the

15

false police reports, misleading (including omissions) police reports, and fabricated police reports referenced above.

70.   In other words, Individual Defendants knowingly and deliberately, or with a reckless disregard submitted false, misleading, and fabricated reports in an effort to obtain an arrest report.

71.   On June 27, 2022,  Individual Defendants submitted the above-refenced police reports to the Wayne County Prosecutor's Office in an effort to obtain an arrest warrant.

72.   Individual Defendants, deliberately and knowingly, or with reckless disregard for the truth, chose not to disclose material exculpatory and impeachment evidence in their files to the prosecutor in violation of their constitutional obligation under *Brady v Maryland, 373 US 83 (1963)* and its progeny, which would have resulted in no arrest warrant being issued, or a finding of lack of probable causes at the preliminary exam.

73.   Consequently, the arrest warrant was signed based upon fabricated and misleading reports.

74.   At all pertinent times, Plaintiff was and remains completely innocent of all allegations of credit card theft.

75.   The City of Detroit, by and through Individual Defendants, utilized false and misleading reports filled with critical omissions to obtain an arrest warrant for Plaintiff on charges of credit card theft.

76.   Plaintiff's Constitutional rights not to be wrongfully arrested, wrongfully seized, wrongfully detained, wrongfully charged, maliciously prosecuted, illegally interrogated, retaliated against for free speech, and subjected to Brady violations were clearly established.

77.   As a direct and proximate result of the Defendant's misconduct, the Plaintiff suffered injuries and damages including, but no limited to:

a.   Economic damages, past and future;

b.   Loss of liberty;

b.   Pain, suffering, and physical pain;

c.   Fear, anxiety, humiliation, loss of reputation, and shame;

d.   Emotional distress;

e.   Loss of peace of mind and sense of safety;

f.   Cost of past and future medical; and,

g.   Aggravation of Existing Injuries and Conditions.

## COUNT I
## 42 USC 1983 AGAINST INDIVIDUAL DEFENDANTS

78.   Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

79.   The Individual Defendants' actions violated clearly established rights of the Plaintiff including but not limited to:

a.   The right to procedural and substantive due process and fair treatment during search, seizure, arrest and prosecution, including violation of Plaintiff's liberty interests (4th, 5th and 14th Amendments);

b.   The right to be free from wrongful search and seizure (4th Amendment);

c.   The right to be free from unlawful detention without probable cause based on fabricated evidence (4th Amendment);

d.   The right to be free from malicious prosecution (4th Amendment);

17

e.      The right to be free from excessive force (4th Amendment);

f.      The right to be free from Brady violations (4th, 5th and 14th Amendments);

g.      The right to a free from unlawful interrogations ((4th, 5th and 14th Amendments);

h.      The right to be free from retaliation for protected speech (1st Amendment);

80.     As a direct and proximate result of the Individual Defendants' actions, Plaintiffs suffered injury and damages including those set forth in paragraph 77.

81.     The conduct of Individual Defendants was intentional and deliberately indifferent to Plaintiff's well-established Constitutional rights and consequently Individual Defendants are not entitled to qualified immunity.

**WHEREFORE**, Plaintiff claims judgment against Defendants in excess of Ten Million Dollars ($10,000,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

## COUNT II:
### MUNICIPAL LIABILITY
### AGAINST DEFENDANT CITY OF DETROIT
### UNDER 42 USC 1983

82.     The Plaintiff incorporates by reference the allegations set forth in the prior paragraphs above, as if fully set forth herein.

83.     At all times herein, Defendant CITY OF DETROIT, with deliberate indifference to the constitutional rights of the Plaintiff and other similarly situated individuals, established, promulgated, implemented, and maintained the following customs, policies, or practices that were a proximate cause and a moving force in violations of the Plaintiff's rights under the United States Constitution:

a.      Routinely utilizing false or misleading information to obtain arrest warrants;

18

  b.  Routinely concealing, covering up, and hiding evidence of wrongdoing and racial animus by police officers and supervisors employed by the Defendant City;

  c.  Failing to adequately train, supervise, and/or discipline law enforcement officers and supervisors with regard to the appropriate and necessary bases for search, force, seizure, arrest, and imprisonment;

  d.  Hiring and/or retaining as law enforcement officers and supervisors certain persons whom the Defendant knew or had actual notice of using employing coercive interrogations, false arrests, false imprisonments, illegal search and illegal seizures;

  e.  Failing to intervene when it knew of improper continuation of unlawful searches and seizures, excessive force, unlawful arrests, and unlawful imprisonment;

  f.  Condoning and actively encouraging the use of processes that failed to properly monitor, evaluate and determine the continuing use of unlawful search, seizure, and arrest, and imprisonment;

84. Each of the aforementioned customs, policies, or practices was known to Defendant as highly likely and probable to cause violations of the United States constitutional rights of Plaintiff and other individuals subject to continued prosecution without probable cause, and each was a moving force in the violations of the Plaintiff's United States constitutional rights, as set forth herein.

85. As a direct and proximate result of the actions taken by the Defendant CITY, as discussed more fully above, the Plaintiff has suffered severe damages, including but not limited to:

  a.  Psychological harm, past and future;

  b.  Loss of peace of mind and sense of safety;

  c.  Degradation, humiliation, embarrassment, indignation, outrage, shame, fear, anxiety, loss of reputation, emotional distress, loss of enjoyment of life, and past and future mental anguish;

  d.  Pain and suffering due to physical injury;

  e.  Cost of past and future medical;

  f.  Economic loss; and

  g.  Attorney fees and costs allowable under law.

**WHEREFORE**, Plaintiff claims judgment against the City of Detroit in an amount in excess of Ten Million ($10,000,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

<u>**COUNT III:**</u>
**FALSE ARREST AND FALSE IMPRISONMENT AGAINST**
**INDIVIDUAL DEFENDANTS**

86. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

87. Individual Defendants caused and/or effected the wrongful seizure, arrest and imprisonment of Plaintiff without probable cause.

88. Individual Defendants obtained and observed video showing Plaintiff in a gas station, committing no crimes.

89. Without probable cause, Individual Defendants provided false and misleading information to Individual Defendants.

90. As a result of the false and misleading information provided to Individual Defendants and in full view of members of the community, Individual Defendants handcuffed Plaintiff and commanded transport officers to transfer her to jail, all the while verbally accusing Plaintiff of the commission of a crime.

91. As a result of the false and misleading information provided by Individual Defendants, Individual Defendants physically restrained Plaintiff and deprived her of her personal liberty and freedom of movement for a period from June 25, 2022 to June 27, 2022.

92. Plaintiff was conscious of her confinement at all times relevant hereto.

93. The imprisonment, arrest and restraint were against Plaintiff's will.

20

94. Individual Defendants accomplished the imprisonment and restraint by actual physical force, and the deprivation of Plaintiff's liberty and freedom was intentional, unlawful, unprivileged, and without probable cause.

95. In addition to the initial restraint and deprivation of personal liberty and freedom of movement being unreasonable, the continued detention and investigation were unreasonable.

96. As a direct and proximate result of the Defendants' actions, Plaintiff suffered injury and damages including those set forth in paragraph 77.

**WHEREFORE**, the Plaintiff claims judgment against Individual Defendants in the amount in excess of Ten Million Dollars ($10,000,000) which is fair and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages.

**COUNT IV:**
**GROSS NEGLIGENCE AGAINST**
**INDIVIDUAL DEFENDANTS**

97. Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

98. Individual Defendants owed Plaintiff a duty of care, including but not limited to:

   a. Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, his failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A.

   b. Duty to provide accurate information on to the internet and social media;

   c. Duty not to misrepresent Plaintiff as a criminal, prior to trial;

21

      d.  Duty to review information posted on the internet, after additional information is learned; and

      e.  Duty not to misrepresent Plaintiff as a criminal, after her acquittal.

99. The actions of the Individual Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

100.     The Individual Defendants' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

101.     The Individual Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

102.     Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

103.     As a direct and proximate result of the Individual Defendants' actions, , Plaintiff suffered injury and damages including, but not limited to, those set forth in paragraph 77.

## COUNT V:
### FALSE LIGHT AGAINST
### INDIVIDUAL DEFENDANTS

104.     Plaintiff hereby re-alleges and incorporates herein by reference all of the prior paragraphs, as though the same were fully set forth herein word for word.

105.     Individual Defendants spread unreasonable and highly objectionable false information about Plaintiff's conduct to a large number of people via social media, causing harm to Plaintiff's reputation.

106.     Specifically, Individual Defendants, in bad faith, posted and/or continued posting photographs of Plaintiff along with false statements about Plaintiff's conduct on the various social media pages, which have tens of thousands of followers.

107.     Despite Plaintiff engaging in a non-criminal behavior, and never having even been tried nor convicted, Individual Defendants, in bad faith, posted the following false caption on photographs of Plaintiff walking into a gas station and accusing her of being "wanted for illegally using victim's credit card" and implored people to call them with information about Plaintiff.

108.     Individual Defendants, in bad faith, had knowledge of or acted in reckless disregard as to the falsity of the published information and the false light in which the plaintiff would be placed.

109.     As a direct and proximate result of the Individual Defendants' bad faith actions, Plaintiff suffered injury and damages including those set forth in paragraph 77.

**WHEREFORE**, Plaintiff claims judgment against Defendants in excess of Ten Million Dollars ($10,000,000) which is fair and just and consistent with the law and evidence as shall be determined, together with interest, costs and attorney's fees, and all other damages, including exemplary and/or punitive damages allowable by law.

Respectfully submitted,


/s/  Brandon McNeal
Brandon McNeal (P81300)
Attorney for Plaintiff

Dated: April 28, 2023

23

Laverne Chapman 4/28/2023 4:49 PM WAYNE COUNTY CLERK Cathy M. Garrett IN MY OFFICE FILED 23-005435-NO

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE


SANDRA WILSON, an individual,
    Plaintiff,

                                         Case No.        -NO
                                         HON.

-v-

CITY OF DETROIT, a Municipal Corporation,
POLICE OFFICER CRYSTAL ANDERSON,
SERGEANT SAMUEL PIONESSA, jointly and
severally in their individual and official capacities,
    Defendants.

_____/

BRANDON MCNEAL (P81300)
KORO KHAMO (P80994)
KHAMO LAW
Attorneys for Plaintiff
1120 E. Long Lake Road, Suite 250
Troy, MI 48085
248-466-0606 / 248-466-0605 Fax
brandon@khamolaw.com
koro@khamolaw.com

_____/


## JURY DEMAND

    NOW COMES the Plaintiffs and demand trial of their cause by jury.

                                  Respectfully submitted,


                                  /s/ Brandon McNeal
                                  Brandon McNeal (P81300)
                                  Attorney for Plaintiff

Dated: April 28, 2023



USPS CERTIFIED MAIL™

USPS FIRST CLASS MAIL®

$9.72 US POSTAGE
5 OZ FIRST-CLASS MAIL FLATS RATE
ZONE 1
RETAIL

0625001035758 4
FROM 48085

stamps
endicia
05/03/2023

Khamo Law, PLLC.
1120 E. Long Lake Rd., Ste 250
TROY MI 48085

SHIP
TO:

CONRAD MALLETT, ESQ.
City of Detroit Law Department
2 WOODWARD AVE STE 500
DETROIT MI 48226-5431

C020



7022 3330 0000 3798 3444

RECEIVED
MAY - 8 2023
CITY OF DETROIT
LAW DEPARTMENT